JAMES D. NGUYEN (State Bar No. 179370)
E-mail: jimmynguyen@dwt.com
DAVIS WRIGHT TREMAINE LLP
865 S. Figueroa St., Suite 2400
Los Angeles, California 90017-2566
Telephone (213) 633-6800
Fax (213) 633-6899

JAMES C. GRANT, WSBA #14358 (*admitted pro hac vice*)
E-mail:  jamesgrant@dwt.com
REBECCA FRANCIS, WSBA #41196 (*admitted pro hac vice*)
E-mail:  rebeccafrancis@dwt.com
DAVIS WRIGHT TREMAINE LLP
1201 Third Avenue, Suite 2200
Seattle, WA  98101-3045
Telephone:  206-622-3150
Fax:  206-757-7700

Attorneys for Defendant Amazon.com, Inc.

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREA FAGERSTROM and ALLEN WISELEY, individually and on behalf of all other similarly situated Californians,<br><br>                              Plaintiffs,<br><br>        vs.<br><br>AMAZON.COM, INC., a Delaware Corporation, and DOES 1 through 50 inclusive,<br><br>                              Defendants. | Case No. 3:15-cv-00096-L-DHB<br><br>**AMAZON.COM'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT ITS NOTICE OF MOTION AND MOTION TO COMPEL ARBITRATION AND DISMISS CLAIMS**<br><br>NOTE ON MOTION CALENDAR:<br><br>Monday, April 20, 2015<br><br>No Oral Argument |

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

# TABLE OF CONTENTS

I.      INTRODUCTION ........................................................................................ 1

II.     FACTUAL BACKGROUND.................................................................... 1

      A.     Plaintiffs Both Accepted the Arbitration Agreement........................... 1

      B.     The Arbitration Agreement in the COUs ............................................ 3

      C.     Plaintiffs' Action, Claims and the Putative Class ............................... 4

III.    ARGUMENT ............................................................................................ 6

      A.     The FAA Requires the Court to Respect and Enforce Arbitration Agreements According to Their Terms................................................ 6

      B.     Plaintiffs Entered Into Valid Arbitration Agreements. ....................... 8

      C.     Plaintiffs' Claims Are Within the Scope of the Arbitration Agreement. ....................................................................................... 10

      D.     The Arbitration Agreement and Class Action Waiver Plaintiffs Accepted are Enforceable................................................................. 11

      E.     The Court Should Compel Arbitration and Dismiss this Action ....... 14

IV.    CONCLUSION........................................................................................ 14

i

(15cv0096)

# TABLE OF AUTHORITIES

**Page**

**Cases**

*Am. Exp. Co. v. Italian Colors Rest.*,
    133 S. Ct. 2304 (2013) ................................................................. 6, 7

*AT&T Mobility LLC v. Concepcion*,
    131 S. Ct. 1740 (2011) ............................................................... *passim*

*AT&T Techs., Inc. v. Commc'ns Workers of Am.*,
    475 U.S. 643 (1986) ..................................................................... 8, 11

*Boyer v. AT&T Mobility Servs.*,
    2011 WL 3047666 (S.D. Cal. July 25, 2011) .................................. 14

*Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*,
    622 F.3d 996 (9th Cir. 2010) ............................................................ 8

*Britton v. Co-op Banking Grp.*,
    4 F.3d 742 (9th Cir. 1993) .............................................................. 11

*Cardonet, Inc. v. IBM Corp.*,
    2007 WL 518909 (N.D. Cal. Feb. 14, 2007) .................................... 9

*Cayanan v. Citi Holdings, Inc.*,
    928 F. Supp. 2d 1182 (S.D. Cal. 2013).......................................... 11

*Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,
    207 F.3d 1126 (9th Cir. 2000) .................................................... 8, 11

*Comedy Club, Inc. v. Improv W. Assocs.*,
    553 F.3d 1277 (9th Cir. 2009) .......................................................... 8

*Coneff v. AT&T Corp.*,
    673 F.3d 1155 (9th Cir. 2012) .................................................... 7, 12

*Coppock v. Citigroup, Inc.*,
    2013 WL 1192632 (W.D. Wash. Mar. 22, 2013) ........................... 12

*Dean Witter Reynolds, Inc. v. Byrd*,
    470 U.S. 213 (1985).......................................................................... 8

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

*Doe v. Project Fair Bid Inc.*,
   2011 WL 3516073 (W.D. Wash. Aug. 11, 2011) ................................................. 9

*Ekin v. Amazon Servs., LLC*,
   — F. Supp. 3d. —, 2014 WL 7741772 (W.D. Wash. Dec. 10,
   2014) ........................................................................................ 9, 11, 12, 13

*Ferguson v. Corinthian Colleges, Inc.*,
   733 F.3d 928 (9th Cir. 2013) ................................................................. 7

*First Options of Chi., Inc. v. Kaplan*,
   514 U.S. 938 (1995) ........................................................................... 8

*Gilmer v. Interstate/Johnson Lane Corp.*,
   500 U.S. 20 (1991) ............................................................................ 6

*Hatfield v. Halifax PLC*,
   564 F.3d 1177 (9th Cir. 2009) .............................................................. 9

*Hauenstein v. Softwrap Ltd.*,
   2007 WL 2404624 (W.D. Wash. Aug. 17, 2007) ................................. 10, 13

*Huff v. Liberty League Int'l, LLC*,
   2009 WL 1033788 (C.D. Cal. Apr. 4, 2009) ......................................... 10

*Kilgore v. Keybank, N. A.*,
   718 F.3d 1052 (9th Cir. 2013) ........................................................ 7, 8, 12

*KPMG LLP v. Cocchi*,
   132 S. Ct. 23 (2011) ........................................................................... 6

*Laster v. T-Mobile USA, Inc.*,
   2013 WL 4082682 (S.D. Cal. July 19, 2013) ....................................... 12

*Marmet Health Care Ctr., Inc. v. Brown*,
   132 S. Ct. 1201 (2012) ....................................................................... 7

*McNamara v. Royal Bank of Scotland Grp., PLC*,
   2012 WL 5392181 (S.D. Cal. Nov. 5, 2012) .................................... 8, 11

*Molina v. Scandinavian Designs, Inc.*,
   2014 WL 1615177 (N.D. Cal. Apr. 21, 2014) ................................. 10, 13

iii

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

*Mortensen v. Bresnan Commc'ns, LLC*,
  722 F.3d 1151 (9th Cir. 2013) .................................................................. 7, 12

*Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*,
  460 U.S. 1 (1983) ..................................................................................... 6, 11

*Murphy v. DirecTV, Inc.*,
  724 F.3d 1218 (9th Cir. 2013) ...................................................................... 12

*Nelson v. McGoldrick*,
  127 Wn.2d 124, 896 P.2d 1258 (1995) ........................................................ 13

*Nicosia v. Amazon.com, Inc.*,
  — F. Supp. 3d —, 2015 WL 500180 (E.D.N.Y. Feb. 4, 2015) ................... 9, 14

*Peters v. Amazon Servs. LLC*,
  2 F. Supp. 3d 1165 (W.D. Wash. 2013) ................................................. *passim*

*Preston v. Ferrer*,
  552 U.S. 346 (2008) ....................................................................................... 7

*Republic of Nicaragua v. Standard Fruit Co.*,
  937 F.2d 469 (9th Cir. 1991) ......................................................................... 8

*Riensche v. Cingular Wireless LLC*,
  2006 WL 3827477 (W.D. Wash. Dec. 27, 2006) ......................................... 10

*Segal v. Amazon.com, Inc.*,
  763 F. Supp. 2d 1367 (S.D. Fla. 2011) ........................................................ 10

*Sherman v. RMH, LLC*,
  2014 WL 30318 (S.D. Cal. Jan. 2, 2014) ....................................................... 7

*Signavong v. Volt Mgmt. Corp.*,
  2007 WL 1813845 (W.D. Wash. June 21, 2007) .................................... 10, 13

*Simonoff v. Expedia, Inc.*,
  643 F.3d 1202 (9th Cir. 2011) ....................................................................... 9

*Simpson v. Inter-Con Sec. Sys., Inc.*,
  2013 WL 1966145 (W.D. Wash. May 10, 2013) .......................................... 13

*Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*,
  2014 WL 1728705 (N.D. Cal. May 1, 2014) .................................................. 9

iv

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

*Sonic Fremont, Inc. v. Faizi*,
  2012 WL 6051959 (N.D. Cal. Dec. 5, 2012)....................................................... 8

*Spam Arrest, LLC v. Replacements, Ltd.*,
  2013 WL 4675919 (W.D. Wash. Aug. 29, 2013)............................................... 10

*Swift v. Zynga Game Network, Inc.*,
  805 F. Supp. 2d 904 (N.D. Cal. 2011) .................................................................. 9

*United States v. Drew*,
  259 F.R.D. 449 (C.D. Cal. 2009) ........................................................................... 9

*Velazquez v. Sears, Roebuck & Co.*,
  2013 WL 4525581 (S.D. Cal. Aug. 26, 2013) ..................................................... 12

*Zuver v. Airtouch Commc'ns*,
  153 Wn.2d 293, 103 P.3d 753 (2004) .................................................................. 12

**Statutes**

9 U.S.C. § 2 ....................................................................................................... 6, 12

9 U.S.C. § 3 ........................................................................................................... 14

9 U.S.C. § 4 ........................................................................................................... 14

Cal. Bus. & Prof. Code § 17500, *et seq.* ................................................................ 5

Cal. Civ. Code § 1750, *et seq.* ............................................................................... 5

Cal. Bus. & Prof. Code § 17200, *et seq.* ............................................................... 5

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

## I.     INTRODUCTION

Plaintiffs Andrea Fagerstrom and Allen Wisely are Amazon.com customers who, respectively, purchased a blender and an audio converter through the Amazon.com website.  First Amended Complaint ("FAC") ¶ 2 (Dkt. No. 1-3).  When they made those purchases, both Plaintiffs accepted Amazon's Conditions of Use ("COUs"), which provide that any disputes they have with Amazon are subject to binding arbitration on an individual basis and cannot be the subject of a class action.  Despite their agreements, Plaintiffs filed this action, in which they seek to represent a class of California consumers on a variety of state-law claims.  However, Plaintiffs' agreements to arbitrate are valid and enforceable under the Federal Arbitration Act ("FAA"), 9 U.S.C. § 2 *et seq.*, and the now well-settled rule that class action waivers in arbitration agreements are enforceable.  *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740 (2011).  Accordingly, the Court should compel arbitration and dismiss the Amended Complaint in its entirety.

## II.     FACTUAL BACKGROUND

### A.     Plaintiffs Both Accepted the Arbitration Agreement.

Plaintiffs base their respective claims on one purchase each made through the Amazon.com website.  Ms. Fagerstrom premises her claim on a "Vitamix Certified Reconditioned Standard Blender" she bought "on or about September 12, 2014."  FAC ¶ 12; *see also* Weitmann Decl. ¶ 4.  Mr. Wisely bases his claim on a "Digital to Analog Audio Converter" he purchased "[o]n or about April 22, 2013," FAC ¶ 14, from a third-party seller on the website (and not from Amazon).[1]  *See* Weitmann Decl. ¶ 5.

In making these purchases, Plaintiffs expressly accepted Amazon's COUs

---

[1] In addition to selling products to customers directly, Amazon allows third parties to sell products through the Amazon.com website.  For such purchases from third-parties, Amazon facilitates these sales, but is not the seller.

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

and the arbitration agreement within the COUs.  The final "checkout" page in the ordering process on Amazon.com allows customers to review and confirm their orders by clicking a "Place your order" button.  Weitmann Decl. ¶ 3 & Ex. C.  Just above that button, the page states:  "By placing your order, you agree to Amazon.com's privacy notice and conditions of use."  *Id.* ¶ 3 & Ex. C.  Each Plaintiff had the opportunity to review the COUs and the arbitration agreement before completing his or her purchase, because the blue underscored text provides a hyperlink to the full agreement.  *Id.* ¶ 3 & Ex. C.  If Plaintiffs did not want to accept the COUs or the arbitration agreement, they could have cancelled their purchases before accepting arbitration.  *Id.* ¶ 3.  But both completed their purchases by clicking the "Place your order" button.  *Id.* ¶¶ 3, 4-5; FAC ¶¶ 12, 14.  Indeed, neither could have done so without accepting the COUs and arbitration.  Weitmann Decl. ¶ 3.

These purchases were not the only times Plaintiffs accepted the Amazon COUs and arbitration agreement.  Ms. Fagerstrom did so when she first signed up for an Amazon customer account on August 28, 2014, one month before she purchased the Vitamix blender and just three months before she sued Amazon.  *Id.* ¶ 4.[2]  She also accepted the arbitration agreement during two other purchases on Amazon.com (again accepting the COUs by clicking on the "Place your order" button on the checkout page), including a transaction on January 14, 2015, *after* she filed her complaint in this case.  *Id.* ¶ 4.

Mr. Wisely accepted the arbitration agreement still more often.  From March 12, 2012, through December 20, 2013, he agreed to arbitrate his disputes with

---

[2] To create an Amazon account, customers must click on a button accompanied by text explaining that:  "By creating an account, you agree to Amazon.com's privacy notice and conditions of use."  Weitmann Decl. ¶ 4 & Ex. D.  Again, the underscored blue text denotes a hyperlink to the full contract terms, giving customers the opportunity to review the COUs before registering.  *Id.* ¶ 4 & Ex. D.

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

Amazon no fewer than six times by accepting Amazon's COUs on the checkout page, including when he bought the audio converter that is the subject of his claims. *Id.* ¶ 5.

### B.    The Arbitration Agreement in the COUs

In accepting the COUs, Plaintiffs agreed to resolve "any dispute" with Amazon through arbitration or small claims court:

> **Any dispute or claim relating in any way to your use of any Amazon Service, or to any products or services sold or distributed by Amazon or through Amazon.com will be resolved by binding arbitration, rather than in court**, except that you may assert claims in small claims court if your claims qualify.

*Id.* ¶ 2 & Ex. A (emphasis in original).  Under their agreements, Plaintiffs (like all Amazon customers) retain the same substantive rights and can obtain the same relief for their individual claims in arbitration as in court:

> **There is no judge or jury in arbitration, and court review of an arbitration award is limited.  However, an arbitrator can award on an individual basis the same damages and relief as a court (including injunctive and declaratory relief or statutory damages)** ….

*Id.* (emphasis in original).

Plaintiffs' agreements provide an inexpensive, efficient, and fair mechanism to resolve disputes.  Amazon agrees to pay all arbitrator fees and costs for claims under $10,000, and to unilaterally waive its claims for attorneys' fees (unless the arbitrator finds the claims frivolous).  *Id.*  Arbitrations are conducted by the American Arbitration Association under its rules, including those concerning consumer-related disputes.  *Id.*  Thus, Plaintiffs can choose to arbitrate in San Diego, where they live, FAC ¶¶ 12, 14; telephonically; or based on written submissions. Weitmann Decl. ¶ 2 & Ex. A.  No matter the location or format, neither Plaintiff would pay arbitration fees or costs, given they each seek less than $10,000 (both seek refunds for the products they purchased—$299 in Ms. Fagerstrom's case and

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

$21 for Mr. Wisely—plus shipping costs to return the products). *See* FAC, Prayer for Relief ¶¶ D, F; Weitmann Decl. ¶ 2 & Ex. A.

Consistent with the aim of achieving efficient and economical dispute resolution, the arbitration agreement provides:

> **We each agree that any dispute resolution proceedings will be conducted only on an individual basis and not in a class, consolidated or representative action.**

Weitmann Decl. ¶ 2 & Ex. A (emphasis in original).[3]

## C.    Plaintiffs' Action, Claims, and the Putative Class

Plaintiffs originally filed suit in San Diego Superior Court, and served Amazon on December 19, 2014.  Amazon timely removed the action on January 16, 2015.  (Dkt. No. 1).  The parties stipulated that Amazon's response would be due on February 23, 2015 (Dkt. No. 5), and the Court accepted this scheduling by Order dated January 29, 2014 (Dkt. No. 8).

Plaintiffs' claims are based on list prices provided on Amazon.com for the products they purchased.  Ms. Fagerstrom claims she was harmed because she purchased the Vitamix blender from Amazon for $299, as compared to a list price of $329.  FAC ¶ 13.  (Currently, both Amazon and Vitamix charge the list price of $329 for the blender on Amazon.com, and other third-party sellers charge more.  Weitmann Decl. ¶ 4, Ex. E.)  The audio converter Mr. Wisely purchased from a

---

[3] The COUs also state that the arbitration agreement is governed by the FAA, associated federal law, and the law of Washington state (Amazon's principal place of business):

**APPLICABLE LAW**

> [Y]ou agree that the Federal Arbitration Act, applicable federal law, and the laws of the state of Washington, without regard to principles of conflict of laws, will govern these Conditions of Use and any dispute of any sort that might arise between you and Amazon.

Weitmann Decl. ¶ 2 & Ex. A.

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

third-party seller had a list price of $59 and sale price $21.  *See* FAC ¶ 14; Weitmann Decl. ¶ 5.[4]  Plaintiffs nowhere allege that they paid anything other than the advertised prices, were prevented from comparing prices for the same or similar products on Amazon.com or elsewhere, or the prices they paid were more than what they would have paid elsewhere.  Plaintiffs also do not allege they were dissatisfied with their purchases, or that they ever sought to return them for a refund, although they could have sought that remedy.[5]

Based on these two purchases, Plaintiffs assert seven state-law claims against Amazon under California's False Advertising Law, Cal. Bus. & Prof. Code § 17500, *et seq.*; Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*, Consumer Legal Remedies Act, Cal. Civ. Code § 1750, *et seq.* and for negligent misrepresentation and declaratory relief.  *See* FAC ¶¶ 42-87.  Plaintiffs seek to bring these claims on behalf of a putative class of "[a]ll persons residing in California who, within four (4) years of the filing of this Complaint, according to Defendant's records, purchased a product for which Defendant advertise[d] both a 'list' price and

---

[4] *See* http://www.amazon.com/gp/offer-listing/B002KY4SQ6/ref=sr_1_1_olp?ie= UTF8&qid=1423703302&sr=8-1&keywords= B002ky4sq6&condition=new (Unique Product Online's listing for the same audio converter today).  Amazon does not sell this product.  *See* http://www.amazon.com/gp/help/customer/display.html?nodeId =537802 (explaining that third-party sellers are independent of Amazon and offer and sell products on their own).

[5] Items purchased from Amazon (such as Ms. Fagerstrom's blender) can be returned for a full refund within 30 days.  *See* https://www.amazon.com/gp/help/ customer/display.html/ref=hp_left_v4_sib?ie=UTF8&nodeId=901926.  For products purchased from third-party sellers (such as Mr. Wisely's audio converter), customers can also return the products for a full refund under Amazon's A-to-z Guarantee.  *See* https://www.amazon.com/gp/help/customer/display.html/ref=hp_left_v4_sib?ie=UT F8&nodeId=541260.

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

1 | its retail price." *Id.* ¶ 34.[6]

## III.   ARGUMENT

### A.   The FAA Requires the Court to Respect and Enforce Arbitration Agreements According to Their Terms.

The FAA makes agreements to arbitrate "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract."  9 U.S.C. § 2.  Congress passed the FAA to "reverse the longstanding judicial hostility to arbitration agreements."  *Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991).  The Act reflects an "emphatic federal policy in favor of arbitral dispute resolution."  *KPMG LLP v. Cocchi*, 132 S. Ct. 23, 25 (2011) (per curiam) (citation omitted); *see also Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983) (same).  Its "principal purpose … is to ensure that private arbitration agreements are enforced according to their terms."  *Concepcion*, 131 S. Ct. at 1749 (citation omitted); *see also Am. Exp. Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2309 (2013) ("[C]ourts must 'rigorously enforce' arbitration agreements according to their terms.") (citation omitted).

As the Supreme Court has repeatedly emphasized, this "national policy favoring arbitration" supersedes "state [law] attempts to undercut the enforceability of arbitration agreements."  *Preston v. Ferrer*, 552 U.S. 346, 353 (2008) (citation omitted); *see also Marmet Health Care Ctr., Inc. v. Brown*, 132 S. Ct. 1201, 1203-04 (2012) (per curiam) (invalidating state rule barring arbitration agreements for certain personal injury or wrongful death claims).  In particular, it is now well-established that under *Concepcion*, a plaintiff may not avoid an arbitration agreement simply because it contains a class action waiver.  131 S. Ct. at 1753.

---

[6] Notably, Plaintiffs' proposed class does not include Mr. Wisely because he purchased a product from a third-party seller that advertised *its* retail price and a comparative list price.  *See* Weitmann Decl. ¶ 5.

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

Absent a "contrary congressional command" to override the FAA, there is no "entitlement to class proceedings for the vindication of statutory rights." *Italian Colors*, 133 S. Ct. at 2309-10.

The Ninth Circuit has steadfastly followed this precedent, recognizing that "the Supreme Court [has] given broad effect to arbitration agreements." *Kilgore v. Keybank, N. A.*, 718 F.3d 1052, 1057 (9th Cir. 2013) (en banc).  For instance, the court in *Coneff v. AT&T Corp.*, 673 F.3d 1155, 1158 (9th Cir. 2012), noting that "*Concepcion* is broadly written," held the FAA preempted Washington's version of the California anti-class action waiver rule struck down in *Concepcion*.   673 F.3d at 1160-61.  In *Ferguson v. Corinthian Colleges, Inc.*, 733 F.3d 928, 934-36 (9th Cir. 2013), the court held that under *Concepion* and *Italian Colors*, the FAA preempted a California rule that invalidated agreements to arbitrate representative claims for public injunctive relief.  And, in *Mortensen v. Bresnan Communications, LLC*, 722 F.3d 1151, 1159, 1160 (9th Cir. 2013), the Ninth Circuit observed "the FAA's command to enforce arbitration agreements trumps any interest in ensuring the prosecution of low-value claims." *Id.* at 1160 (quoting *Italian Colors*, 133 S. Ct. at 2312 n.5).[7]  "States cannot require a procedure that is inconsistent with the FAA, even if it is desirable for unrelated reasons."  *Concepcion*, 131 S. Ct. at 1753.

Under the FAA, the Court must compel arbitration if (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of that agreement.  *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*, 207 F.3d 1126, 1130 (9th Cir. 2000).  When both elements exist, as here, the FAA "'leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration.'"  *McNamara v. Royal Bank of Scotland Grp., PLC*, 2012

---

[7] *See also Sherman v. RMH, LLC*, 2014 WL 30318, at *6 (S.D. Cal. Jan. 2, 2014) (compelling arbitration and rejecting argument individual arbitration of single TCPA claim would not be cost-effective, as compared to class litigation).

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

WL 5392181, at *3 (S.D. Cal. Nov. 5, 2012) (quoting *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985)) (emphasis in *Dean Witter*); *see also Kilgore*, 718 F.3d at 1058.

### B.   Plaintiffs Entered Into Valid Arbitration Agreements.

In the Ninth Circuit, "'the most minimal indication of the parties' intent to arbitrate must be given full effect.'" *Sonic Fremont, Inc. v. Faizi*, 2012 WL 6051959, at *3 (N.D. Cal. Dec. 5, 2012) (quoting *Republic of Nicaragua v. Standard Fruit Co.*, 937 F.2d 469, 478 (9th Cir. 1991)); *see also Peters v. Amazon Servs. LLC*, 2 F. Supp. 3d 1165, 1169 (W.D. Wash. 2013). "It is well established 'that where the contract contains an arbitration clause, there is a presumption of arbitrability.'" *Comedy Club, Inc. v. Improv W. Assocs.*, 553 F.3d 1277, 1284 (9th Cir. 2009) (quoting *AT&T Techs., Inc. v. Commc'ns Workers of Am.*, 475 U.S. 643, 650 (1986)). The party seeking arbitration bears the initial burden of showing a valid arbitration agreement exists; the party opposing arbitration bears the burden of proving facts necessary to its defense. *Bridge Fund Cap. Corp. v. Fastbucks Franchise Corp.*, 622 F.3d 996, 1005 (9th Cir. 2010).

In determining whether parties agreed to arbitrate, "courts … apply ordinary state-law principles that govern the formation of contracts." *First Options of Chi., Inc. v. Kaplan*, 514 U.S. 938, 944 (1995). Under Washington law, which applies here,[8] contracts formed in Internet transactions in which parties must click a button

---

[8] The arbitration agreement Plaintiffs accepted contains a choice-of-law provision designating Washington law. Weitmann Decl. ¶ 2 & Ex. A. This choice is fully enforceable because, under California rules, the Court must honor the parties' choice if the chosen state's law bears a "substantial relationship to the parties or their transaction" and does not violate a "fundamental policy" of California. *Hatfield v. Halifax PLC*, 564 F.3d 1177, 1182 (9th Cir. 2009). Because Amazon's principal place of business is Washington, FAC ¶ 16, a "substantial relationship exists." *See Hatfield*, 564 F.3d at 1182; *see also Simulados Software, Ltd. v. Photon Infotech Private, Ltd.*, 2014 WL 1728705, at *3, (N.D. Cal. May 1, 2014) (collecting cases

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

indicating they agree to the contract terms are enforceable like any other contract. *Nicosia v. Amazon.com, Inc.*, — F. Supp. 3d —, 2015 WL 500180, at *7 (E.D.N.Y. Feb. 4, 2015) (compelling arbitration and holding Amazon's checkout page creates enforceable clickwrap agreement under Washington law); *Ekin v. Amazon Servs., LLC*, — F. Supp. 3d. —, 2014 WL 7741772, at *3 n.5 (W.D. Wash. Dec. 10, 2014) (same); *Peters v. Amazon Servs., LLC*, 2 F. Supp. 3d 1165, 1168-69, 1170 (W.D. Wash. 2013) (applying Washington law, enforcing Amazon clickwrap for sellers and compelling arbitration).  California courts are in accord.  *See, e.g.*, *Swift v. Zynga Game Network, Inc.*, 805 F. Supp. 2d 904, 911-12 (N.D. Cal. 2011) ("Because Plaintiff was provided with an opportunity to review the terms of service in the form of a hyperlink immediately under the 'I accept' button … a binding contract was created here."); *United States v. Drew*, 259 F.R.D. 449, 462 n.22 (C.D. Cal. 2009) ("Clickwrap agreements have been routinely upheld," collecting cases).[9]

holding a party has a "substantial relationship" to its state of domicile or incorporation); *Cardonet, Inc. v. IBM Corp.*, 2007 WL 518909, at *1 (N.D. Cal. Feb. 14, 2007) (enforcing New York choice-of-law clause because applying New York law would not violate California policy).

[9] Many other cases in Washington and elsewhere are to the same effect.  *See, e.g.*, *Doe v. Project Fair Bid Inc.*, 2011 WL 3516073, at *4 (W.D. Wash. Aug. 11, 2011) ("This kind of 'clickwrap' agreement has been upheld in several cases in this circuit and elsewhere."); *Simonoff v. Expedia, Inc.*, 643 F.3d 1202, 1205 (9th Cir. 2011) (enforcing online user agreement); *Hauenstein v. Softwrap Ltd.*, 2007 WL 2404624, at *2-3, 6 (W.D. Wash. Aug. 17, 2007) (enforcing arbitration agreement because plaintiff "manifested his assent to the License Agreement by 'clicking' the appropriate box"); *Riensche v. Cingular Wireless LLC*, 2006 WL 3827477, at *2 (W.D. Wash. Dec. 27, 2006) (compelling arbitration where plaintiff "was required to agree to the Terms online" before using defendant's services); *Huff v. Liberty League Int'l, LLC*, 2009 WL 1033788, at *8 (C.D. Cal. Apr. 4, 2009) ("courts across the country have enforced so-called 'clicking agreements' that contain arbitration clauses"); *Segal v. Amazon.com, Inc.*, 763 F. Supp. 2d 1367, 1369 (S.D. Fla. 2011) (enforcing Amazon's terms because "clickwrap agreements are valid and enforceable contracts") (citation omitted).

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

Plaintiffs admit they purchased products on Amazon.com.  FAC ¶¶ 12, 14. When they did so, they agreed that any claims they had about their purchases (or any other disputes with Amazon) would be resolved by individual arbitration and not in a class action.  Weitmann Decl. ¶¶ 2-3 & Exs. A, C.  Both Plaintiffs had ample notice they were agreeing to Amazon's COUs when they made the purchases at issue and many other times (two other times for Ms. Fagerstrom for purchases she made, including one after she filed suit, and five other times for Mr. Wisely).  *Id.* ¶¶ 3-5 & Ex. C.  They agreed to the COUs and individual arbitration of "any dispute" they might have.[10]  This Court—and the FAA—cannot allow Plaintiffs to ignore their agreements now because they (or their counsel) want to pursue class claims.

### C.    Plaintiffs' Claims Are Within the Scope of the Arbitration Agreement.

Because the FAA reflects a "liberal federal policy favoring arbitration agreements," the Supreme Court has held that "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration."  *Moses H. Cone*, 460 U.S. at 24-25.  Thus, "[e]nforcement of an arbitration agreement 'should not be denied unless it can be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" *McNamara*, 2012 WL 5392181, at *3 (quoting *AT & T Tech.*, 475 U.S. at 650).  "'[A]ny doubts

---

[10] It makes no difference whether Plaintiffs actually read the COUs—they are bound regardless.  *See Spam Arrest, LLC v. Replacements, Ltd.*, 2013 WL 4675919, at *8 (W.D. Wash. Aug. 29, 2013) (under Washington law "[s]ubjective evidence, including evidence that a party did not read the contract to which she manifested assent is not relevant"); *Signavong v. Volt Mgmt. Corp.*, 2007 WL 1813845, at *3 (W.D. Wash. June 21, 2007) (rejecting argument plaintiff could avoid arbitration agreement because she never read it); *Molina v. Scandinavian Designs, Inc.*, 2014 WL 1615177, at *3 (N.D. Cal. Apr. 21, 2014) ("one who accepts or signs an instrument, which on its face is a contract, is deemed to assent to all its terms, and cannot escape liability on the ground that he has not read it") (internal quotation omitted).

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

concerning the scope of arbitrable issues should be resolved in favor of arbitration,'" including "'construction of the contract language itself.'"  *Id.*  (quoting *Moses H. Cone*, 460 U.S. at 24-25).

The arbitration agreement Plaintiffs accepted encompasses "**[a]ny dispute or claim relating in any way** . . . **to any products or services sold or distributed by Amazon or through Amazon.com** . . . ."  Weitmann ¶ 2 & Ex. A (emphasis in original).  Plaintiffs assert claims in this action based on products they purchased through the Amazon.com website.  FAC ¶¶ 12, 14.  Their claims fall squarely within the "any dispute" scope of the arbitration agreement, which is the type of "far reaching" provision that is "routinely used … to secure the broadest possible arbitration coverage."  *Chiron Corp.*, 207 F.3d at 1131; *see also Britton v. Co-op Banking Grp.*, 4 F.3d 742, 745 (9th Cir. 1993) (same); *Peters*, 2 F. Supp. 3d at 1173; *Ekin*, 2014 WL 7741772, at *5; *Cayanan v. Citi Holdings, Inc.*, 928 F. Supp. 2d 1182, 1207 (S.D. Cal. 2013) (enforcing "any dispute" arbitration clause).

> **D.     The Arbitration Agreement and Class Action Waiver Plaintiffs Accepted are Enforceable.**

"The [FAA] makes an agreement to arbitrate 'valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.'"  *Kilgore*, 718 F.3d at 1057 (quoting 9 U.S.C. § 2).  This "savings clause" of the FAA "preserves generally applicable contract defenses, such as fraud, duress, or unconscionability."  *Mortensen*, 722 F.3d at 1158.  But Plaintiffs cannot avoid their agreements to arbitrate on these grounds.

First, it is clear that Plaintiffs cannot avoid the governing arbitration agreement because they would prefer to pursue class claims.  Any argument that a "ban on class arbitration is unconscionable … is now expressly foreclosed by *Concepcion*."  *Kilgore*, 718 F.3d at 1058; *accord Murphy v. DirecTV, Inc.*, 724 F.3d 1218, 1225-26 (9th Cir. 2013) (after *Concepcion*, the FAA "preempt[s] states from

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

invalidating arbitration agreements that disallow class procedures"); *Coneff*, 673 F.3d at 1159-60 (*Concepcion* "forecloses" argument that class action waivers are unconscionable under Washington law); *Velazquez v. Sears, Roebuck & Co.*, 2013 WL 4525581, at *6 (S.D. Cal. Aug. 26, 2013) (same); *Laster v. T-Mobile USA, Inc.*, 2013 WL 4082682, at *6 (S.D. Cal. July 19, 2013) (FAA preempts CLRA prohibition on class waivers); *Coppock v. Citigroup, Inc.*, 2013 WL 1192632, at *8 n.2 (W.D. Wash. Mar. 22, 2013) ("Under *Concepcion*, the Court cannot consider Washington's policy on unconscionability of class-action waivers—'fundamental' or not, … since the FAA preempts that policy and precludes a court from taking it into account in conducting the unconscionability analysis.").

Plaintiffs have no basis to avoid their agreements to arbitrate. Plaintiffs cannot claim the arbitration agreement is procedurally unconscionable—they both had the choice (many times) to decide whether they wanted to buy through Amazon.com and accept the COUs and the arbitration agreement or to shop elsewhere. *See Ekin*, 2014 WL 7741772, at *3 n.5; *Zuver v. Airtouch Commc'ns*, 153 Wn.2d 293, 304, 103 P.3d 753 (2004) ("[T]he key inquiry for … procedural unconscionability is whether [a party] lacked meaningful choice."). The arbitration agreement was not hidden in a maze of fine print; it was prominently featured in bolded type and easy-to-understand terms. *See* Weitmann Decl., Ex. A; *Signavong*, 2007 WL 1813845, at *3 (arbitration clause not procedurally unconscionable where it was not hidden in "a maze of fine print"); *Hauenstein*, 2007 WL 2404624, at *4 (same); *Simpson v. Inter-Con Sec. Sys., Inc.*, 2013 WL 1966145, at *3 (W.D. Wash. May 10, 2013) (same); *Molina*, 2014 WL 1615177, at *7 (same). Plaintiffs cannot claim anyone forced them to make purchases on Amazon.com, or that they were caught unaware when they chose to accept the COUs and the arbitration agreement.

Nor can Plaintiffs claim the arbitration agreement is substantively unconscionable, *i.e.*, that it is so one-sided as to be "monstrously harsh" or

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

"shocking to the conscience." *Hauenstein*, 2007 WL 2404624, at *5 (quoting *Nelson v. McGoldrick*, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995)).  To the contrary, in three other recent cases, federal district courts have held the Amazon arbitration agreement is fully enforceable and properly precludes class claims.

In *Ekin v. Amazon Services, LLC*, two Amazon customers sought to assert class claims against Amazon based on challenges about the free two-day shipping benefits of Amazon Prime.  Amazon moved to compel arbitration and the Court granted the motion, finding Amazon's arbitration agreement fully enforceable and ordering that the plaintiffs could not litigate a class action but could only pursue their claims on an individual basis in arbitration.  Concluding that it was "firmly bound by the FAA" and Supreme Court and Ninth Circuit precedent, the court enforced Amazon's arbitration agreement according to its terms.  2014 WL 7741772, at *3, 5.

In *Peters v. Amazon Services, LLC*, the court also rejected all challenges to Amazon's arbitration agreement in a case in which the plaintiffs asserted class claims that Amazon improperly terminated them and other third-party sellers, and withheld payments when it discovered the sellers committed fraud and sold counterfeit products.  That court also found Amazon's arbitration agreement to be fully enforceable (Amazon's arbitration agreement for sellers is essentially the same as for customers), compelled arbitration, and rejected the plaintiffs' efforts to pursue class claims.  2 F. Supp. 3d at 1173.

Finally, and most recently, in *Nicosia v. Amazon.com*, the court rejected an Amazon customer's attempt to pursue class claims on the basis that a third-party seller on the website sold a diet supplement containing a banned substance (although admittedly, Amazon had no notice of this and banned the product immediately when the FDA issued a warning).  2015 WL 500180, at *1, 3.  Following *Concepcion*, 131 S. Ct. at 1749, and the "strong federal policy in favor of arbitration" that has been

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION

"often and emphatically applied," the court upheld and enforced Amazon's arbitration agreement and rejected all plaintiff's challenges to it and the COUs as a whole, *Nicosia*, 2015 WL 500180, at *5, 8 (internal quotations and citations omitted).

In short, the Amazon arbitration agreement Plaintiffs accepted is fully enforceable, as several courts have held, and the FAA directs.  Plaintiffs have no grounds to avoid their agreements or the FAA.

**E.    The Court Should Compel Arbitration and Dismiss this Action**

Courts in the Ninth Circuit have dismissed cases after compelling arbitration if a party entitled to compel requests dismissal.  9 U.S.C. §§ 3, 4.  *See, e.g.*, *Boyer v. AT&T Mobility Servs.*, 2011 WL 3047666, at *3 (S.D. Cal. July 25, 2011).  Because Plaintiffs' valid arbitration agreements encompass their claims, the Court should compel arbitration and dismiss Plaintiffs' claims in their entirety.

**IV.    CONCLUSION**

Both Plaintiffs agreed to arbitrate any and all disputes with Amazon on an individual and not class action basis, including specifically for the purchases upon which base their claims.  Plaintiffs have full rights to pursue all remedies in arbitration for their claims, efficiently and without paying arbitration costs.  This is what the FAA is meant to encourage.  At the same time, as the Supreme Court and the Ninth Circuit have repeatedly held, Plaintiffs cannot disregard their agreements or the FAA by instead advancing class claims.  Amazon respectfully asks the Court to dismiss this action and compel arbitration.

DATED:  February 23, 2015

DAVIS WRIGHT TREMAINE LLP

By: s/ Rebecca Francis
Rebecca Francis, *pro hac vice*
Attorneys for Amazon.com, Inc.
E-mail:  rebeccafrancis@dwt.com

14

(15cv0096)

AMAZON.COM'S MEM. OF POINTS & AUTHORITIES ISO
NOTICE OF MOT. & MOT. TO COMPEL ARBITRATION